**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ADELAIDO MENDOZA-ANTONIO,**<br>**Petitioner,**<br>**v.**<br>**RANDI BORGEN, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12939–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Adelaido Mendoza-Antonio's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Mexico. (ECF No. 4 p. 1.) He entered the United States at an unknown time and place. (*Id.*)

2. A warrant was issued for petitioner's arrest on October 2, 2026. (ECF No. 4–2.) He was detained by the Immigration and Customs Enforcement (ICE), who made an initial custody determination concluding that petitioner was to be detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 4–3 p. 3.) Petitioner refused to sign the form. (*Id.*)

3. An immigration judge was set to conduct a review of that determination, but petitioner withdrew his request on October 6, 2026. (ECF No. 4–4 pp. 1, 2.)

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. "The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody." *Cocha Cocha v. Tsoukaris*, No. 26–cv–09857, 2026 WL 2806733, *2 (D.N.J. Sept. 18, 2026).

6. A warrant was issued for petitioner's arrest on October 2, 2026. ( ECF No. 4–2.) It is unclear whether it was issued prior to his arrest, but that

is irrelevant now because "[f]ollowing the signing of the warrant for arrest, [p]etitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha*, 2026 WL 2806733, at *2; *see also Par v. Jamison*, No. 26–cv–03504, 2026 WL 1603299, *3–4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26–cv–01235, 2026 WL 446408, * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

7. Accordingly, petitioner is not entitled to release based on the alleged warrantless arrest.

8. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

9. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

10. Petitioner withdrew his bond request on October 6, 2026 without prejudice to his right to file a new request. (ECF No. 4–4 pp. 1, 2.)

11. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

12. Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and can seek a bond hearing from an immigration judge when he is ready to do so. Therefore, he must exhaust his administrative remedies before seeking habeas relief.

Accordingly,

**IT IS** on this **28th** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**